IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OBATAIYE K. SCOTT,<br>Plaintiff<br><br>v.<br><br>LT. MR. AGULERI, et al.,<br>Defendants | Civil No. 24-6077 |

MEMORANDUM OPINION

**Costello, J.**                                                                                           **March 13, 2025**

## I.   INTRODUCTION

Plaintiff Obataiye K. Scott is incarcerated at State Correctional Institution at Phoenix ("SCI Phoenix").  ECF No. 2 at 1.  Plaintiff has sued employees at SCI Phoenix ("Defendants")[1] for improperly placing him in the Restrictive Housing Unit, where his cellmate sexually assaulted him.  *Id.* at 2–4.  Plaintiff has also moved for a temporary restraining order and a preliminary injunction requiring Defendants to (1) move Plaintiff from a double cell to a single cell and (2) assign Plaintiff a permanent "z-code" status.[2]  ECF No. 6 at 2–3.  Defendants contend that Plaintiff has not made a clear showing of entitlement to preliminary injunctive relief.  ECF No. 16 at 3–7.  After considering the parties' submissions, the Court denies

---

[1] Plaintiff identified the following SCI Phoenix Defendants in his complaint: (1) Lt. Mr. Aguleri, Officer at SCI Phoenix, (2) Mr. Joseph Terra, Superintendent at SCI Phoenix, (3) Mr. J. Muick, PREA Coordinator at SCI Phoenix, (4) Mr. Dagger, Sergeant at SCI Phoenix, (5) Ms. Matthews, Lieutenant at SCI Phoenix, (6) Ms. Jordan, Correctional Officer at SCI Phoenix, and (7) Mr. Smith, Unit Manager at SCI Phoenix.  ECF No. 2.  Plaintiff also sues a Pennsylvania State Trooper, Mr. Taubenberger.  *Id.*  The Court has already dismissed Plaintiff's claims against Ms. Kristen Feden, an attorney, and the Pennsylvania Department of Corrections.  ECF No. 7.

[2] A "Z-Code" status would require Plaintiff to be housed in a single cell.  ECF No. 16 at 1–2.

Plaintiff's motion. Plaintiff has not shown that he will be irreparably harmed without preliminary injunctive relief or that he has a likelihood of success on the merits. The balance of equities and the public interest also weigh against granting preliminary injunctive relief.

## II.     FACTS[3]

Plaintiff has sued under Section 1983 and alleges that Defendants violated the Eighth and Fourteenth Amendments[4] based on two related sets of facts. The first set of facts, which comprise the bulk of Plaintiff's complaint, focus on his claims that Defendants improperly placed him in the Restrictive Housing Unit, where his cellmate sexually assaulted him. ECF No. 2 at 2–4. According to the complaint, Defendants should not have housed him with this cellmate because the cellmate had a different custodial status than Plaintiff. *Id.* at 2. Defendants knew there was a status conflict but still denied Plaintiff's request for a different cellmate. *Id.* at 9, 12. This cellmate then sexually assaulted Plaintiff on July 31, 2023. *Id.* at 2–4, 9. Plaintiff claims that Defendants' actions leading up to and following the assault violated his Eighth and Fourteenth Amendment rights.

The second set of facts, which Plaintiff only briefly addresses in his complaint, claim that Plaintiff's current conditions of confinement—continuing to be housed in a two-person cell after

---

[3] The Court will accept Plaintiff's allegations as true for the purposes of resolving this motion. *See Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1178 (3d Cir. 1990) (noting the Court must make findings of facts and conclusions of law when ruling on a motion for a preliminary injunction, even when there has not been an evidentiary hearing).

[4] Although Plaintiff's complaint also mentions the First Amendment and his motion mentions the Americans with Disabilities Act, the complaint and motion appear to be focused on Eighth and Fourteenth Amendment violations. *See* ECF No. 2 at 14 ("Count 1 42 U.S.C. § 1983 1st, 8th 14th Amendment Violation"); ECF No. 6 at 2 ("This is a civil rights action brought under 42 U.S.C. § 1983, and F. R. Civ. P. Rule 65(b)(d), (injunction); 42 U.S.C. § 12102(1)–(3) Federal Americans with Disabilities Act . . . .").

the assault—are also a violation of the Eighth and Fourteenth Amendment because they cause or exacerbate his "PTSD, depression and mental anguish" and cause "sleepless nights being so terribly afraid of being attacked by [his] cellmate." *Id.* at 24.  Based on these two sets of facts, Plaintiff moved for a temporary restraining order and a preliminary injunction to require Defendants to (1) move Plaintiff from a double cell to a single cell and (2) assign Plaintiff a permanent "z-code" status.  ECF No. 6 at 2–3.

## III.  DISCUSSION

Preliminary injunctions are intended to "preserve the relative positions of the parties until a trial on the merits can be held." *Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 200 (3d Cir. 2024) (quoting *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024)); *Acierno v. New Castle Cnty.*, 40 F.3d 645, 647 (3d Cir. 1994)) (noting "[a] primary purpose of a preliminary injunction is maintenance of the status quo until a decision on the merits of a case is rendered").  They are an "extraordinary and drastic remedy." *Del. State Sportsmen's Ass'n, Inc.*, 108 F.4th at 202 (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

The Court has discretion regarding whether to issue a preliminary injunction. *Id.* at 201.  However, there are four "canonical guideposts" that courts consider when evaluating requests for preliminary injunctive relief. *Id.* at 202.  These "guideposts" are (1) "the likelihood of success on the merits," (2) "the risk of irreparable injury absent preliminary relief," (3) "the balance of equities," and (4) "the public interest." *Id.* (citing *Winter v. NRDC*, 555 U.S. 7, 20 (2008)).[5]

---

[5] The Court evaluates motions for temporary restraining orders with the same standards as it evaluates motions for preliminary injunction. *See Young v. Pa. Dep't of Corrs.*, No. 22-CV-00327, 2023 WL 2313637, at *2 (W.D. Pa. Jan. 30, 2023), *adopted by* No. 22-cv-327, 2023 WL 2307411 (W.D. Pa. Feb. 28, 2023).  For conciseness, the Court will usually reference preliminary injunctions, instead of both preliminary injunctions and temporary restraining orders.

"Because a 'preliminary injunction is an extraordinary and drastic remedy,' the movant bears the burden of making '*a clear showing*'" that the first two "guideposts," or "gateway factors," are satisfied. *Id.* at 202 (quoting *Mazurek*, 520 U.S. at 972); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) (holding movant must show the two gateway factors). Where the movant seeks mandatory relief[6] that alters the status quo,[7] the movant has an even greater burden to establish these gateway factors. *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 320 (3d Cir. 2020) (noting heavier burden for likelihood of success on the merits factor); *Bennington Foods LLC v. St. Croix Renaissance, Grp., LLC*, 528 F.3d 176, 179 (3d Cir. 2008) (noting heavier burden for irreparable harm factor). If a movant satisfies both "gateway factors," then the Court should consider the remaining factors and determine whether they balance in favor of or against "granting the requested preliminary relief." *Reilly*, 858 F.3d at 179.

Here, Plaintiff seeks to alter the status quo—and asks the Court to grant him the ultimate relief he requests—by requiring SCI Phoenix to move him from a double cell to a single cell. Because Plaintiff seeks mandatory relief that alters the status quo, he has a high burden to show irreparable harm and likelihood of success on the merits. Plaintiff has not met this heightened burden. Plaintiff has not made a clear showing of irreparable harm because his request involves

---

[6] Mandatory relief "alter[s] the status quo by commanding some positive act" or "provide[s] the moving party with 'substantially all the relief sought and . . . cannot be undone even if the defendant prevails at a trial on the merits.'" *Pub. Int. Legal Found. v. Boockvar*, 495 F. Supp. 3d 354, 358 (M.D. Pa. 2020) (quoting *Coast to Coast Ent., LLC v. Coastal Amusements, Inc.*, No. 05-3977, 2005 WL 7979273, at *9 (D.N.J. Nov. 7, 2005) (quoting *Tom Doherty Assocs. v. Saban Ent.*, 60 F.3d 27, 33–34 (2d Cir. 1995))).

[7] The status quo is "the last peaceable, noncontested status of the parties." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 197 (3d Cir. 1990)).

harm that already occurred or that is too speculative to justify an extraordinary remedy such as a mandatory preliminary injunction. Further, Plaintiff does not have a likelihood of success on the merits because he has not adequately alleged facts to support his Fourteenth or Eighth Amendment claims. The balance of equities and the public interest also weigh against granting preliminary injunctive relief given the deference Courts should afford to prison officials regarding prison administration.

### A. Irreparable Harm[8]

Plaintiff has not made a clear showing that he will suffer irreparable harm without preliminary injunctive relief. To the extent Plaintiff's motion is based on the sexual assault from July 31, 2023,[9] the motion fails because this harm already occurred. *See Del. State Sportsmen's Ass'n, Inc.*, 108 F.4th at 204 (noting movants "must show that, without a preliminary injunction, they will more likely than not suffer irreparable injury *while proceedings are pending*" (emphasis added)); *Kendrick v. Little*, No. 23-cv-187, 2023 WL 6130605, at *6 (W.D. Pa. Sept. 18, 2023) ("A preliminary injunction cannot be issued based on past harm").

To the extent Plaintiff's motion is based on his current confinement in a two-person cell, the motion also fails because he has not made a clear showing of irreparable harm. Plaintiff claims there are four irreparable harms that will occur if he is not moved to a one-person cell while this litigation is pending: (1) that he will suffer another sexual assault, (2) that his mental

---

[8] Courts can consider the four factors out of order. *See Del. State Sportsmen's Ass'n, Inc.*, 108 F.4th at 203 ("Because we must weigh all the factors before *granting* relief, we may take the factors out of order . . . .").

[9] Plaintiff claims that he has already suffered an irreparable harm when his cellmate sexually assaulted him. ECF No. 6 at 3–6.

health symptoms will be exacerbated, (3) that he will commit suicide, and (4) that he will kill his cellmate. ECF No. 6 at 1–2, 6–7.[10]

These harms are too speculative to warrant granting the extraordinary remedy of mandatory preliminary injunctive relief. A party seeking preliminary injunctive relief must make a clear showing that the harm at issue is immediate. *See Rush v. Corr. Med. Servs., Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Acierno*, 40 F.3d at 653) ("To show irreparable harm, a plaintiff must demonstrate a clear showing of immediate, irreparable injury; an injunction may not be used to eliminate the possibility of a remote future injury"). Claims that irreparable harm will occur "in the indefinite future" are "insufficient." *Rivera v. Pa. Dep't of Corrs.*, 346 F. App'x 749, 750 (3d Cir. 2009) (quoting *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992)); *Kendrick*, 2023 WL 6130605, at *6 (noting the claimed injury "cannot merely be possible, speculative or remote"). Conclusory allegations are also not enough to show "irreparable injury that would support injunctive relief." *Alves v. Main*, 747 F. App'x 111, 112 (3d Cir. 2019).

Here, Plaintiff concludes that he will be sexually assaulted again, will suffer a further exacerbation of mental health issues, will kill himself, or will kill another inmate in the immediate future without alleging facts to support these conclusions. For example, Plaintiff does not allege that he is still being housed with the same inmate that sexually assaulted him or that

---

[10] In his complaint, Plaintiff alleges that he "suffers from PTSD, depression and mental anguish, [and] sleepless nights being so terribly afraid of being attacked by [his] cellmate." ECF No. 2 at 24. In his motion, Plaintiff alleges that "he is in fear of being in a cell with another inmate and has P.T.S.D. and fears that another rape may happen. Plaintiff lays in his bed awake most of the nights waiting for his cellmate to act wrongfully sexual toward him and he fears the result will be[] in plaintiff killing his cellmate from the P.T.S.D. and extreme fear. Plaintiff should not have to be forced to cell with any inmate due to him experiencing vicious nightmares when able to sleep, suicide and homicide due to the mental health issue that resulted from being raped." ECF No. 6 at 6.

his current cellmate has threatened him. Rather, Plaintiff's claims are based on his "fear[s]." *See* ECF No. 6 at 1, 6 (stating that he "fear[s] being in a cell with another inmate . . . and fears that another rape may happen," has "P.T.S.D." without explanation of how it will get worse without relief, has "thoughts of suicide," and "fears . . . [he will kill] his cellmate from the P.T.S.D. and extreme fear"). Injunctive relief cannot be "granted merely to allay the fears and apprehensions or to soothe the anxieties of the parties." *Zokaites v. Land-Cellular Corp.*, 424 F. Supp. 2d 824, 832 (W.D. Pa. Mar. 13, 2006); *accord Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*, 864 F. Supp. 2d 316, 325 (E.D. Pa. Mar. 30, 2012).

Although concerning, Plaintiff's allegations of irreparable harm are speculative and are based in fear of harm in the indefinite future. Plaintiff has thus not met his heightened burden to show the immediate irreparable harm that is necessary for the extraordinary remedy of mandatory preliminary injunctive relief. Therefore, the Court will deny Plaintiff's request for a temporary restraining order and preliminary injunctive relief.

### B.     Likelihood of Success on the Merits

Further, Plaintiff does not have a reasonable likelihood of success on the merits of his claim based on his current confinement in a two-person cell. Though Plaintiff alleged sufficient facts in his complaint to survive a preliminary screening, his complaint was focused on his sexual assault allegations and mentioned his two-person cell claims only in passing. ECF No. 7; ECF No. 2 at 24. As was mentioned above, because Plaintiff is seeking mandatory preliminary injunctive relief, he has a "'particularly heavy' burden . . . to show a substantial likelihood of success on the merits and that [his] 'right to relief [is] indisputably clear.'" *See Hope*, 972 F.3d at 320 (3d Cir. 2020) (quotations omitted).

7

Here, Plaintiff has not shown that he has a substantial likelihood of success on the merits for his Eighth and Fourteenth Amendment claims related to his confinement in a two-person cell. Plaintiff's Fourteenth Amendment claim is barred by the "more-specific-provision rule." Plaintiff claims that his cell conditions rise "to the level of cruel and unusual treatment that violate . . . [the] 14th Amendment." ECF No. 2 at 24. However, the more-specific-provision rule provides that "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *See Myer v. Giroux*, No. 15-71, 2018 WL 6831147, at *10 n.5 (W.D. Pa. Dec. 28, 2018) (quoting *U.S. v. Lanier*, 520 U.S. 259, 272 n.7 (1997)); *see also Porter v. Pa. Dep't of Corrs.*, 974 F.3d 431, 447–48 (3d Cir. 2020) (calling rule the "more-specific-provision rule"). Because Plaintiff appears to be raising a substantive due process claim when the Eighth Amendment covers such claims, Plaintiff's Fourteenth Amendment claim will likely be barred by the more-specific-provision rule. Plaintiff has therefore not shown a substantial likelihood of success on the merits for this claim. *See Myer*, 2018 WL 6831147, at *10 n.5.

In any event, Plaintiff has also failed to show a substantial likelihood of success on the merits for an Eighth Amendment claim. Plaintiff appears to be alleging an Eighth Amendment "Conditions of Confinement" or "Denial of Medical Care" claim based on his two-person cell status. ECF No. 2, 6. Both of these claims will require Plaintiff to prove that Defendants were deliberately indifferent to his needs. *See, e.g.*, *Kendrick*, 2023 WL 6130605, at *6 n.6 (first citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); and then citing *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227–28 (3d Cir. 2015)) (listing elements of conditions of confinement claim); *Myer*, 2018 WL 6831147, at *9 (listing elements of denial of medical care claim).

However, Plaintiff has not alleged that Defendants acted with deliberate indifference. *See* ECF No. 2, 6; *see also Chavarriaga*, 806 F.3d at 222 (noting a plaintiff must make "sufficient allegations of a defendant's personal involvement" when bringing a Section 1983 claim). Accordingly, Plaintiff has not shown a substantial likelihood of success on the merits for his Eighth Amendment claim related to his two-person cell. Therefore, this factor also supports the Court's decision to deny Plaintiff's request for a temporary restraining order and preliminary injunctive relief.

## C. The Balance of the Factors[11]

Although the Court need not consider the remaining guideposts, the balance of the equities and the public interest also weigh against granting preliminary injunctive relief. The balance of the equities[12] weighs heavily against granting preliminary injunctive relief because such relief is disfavored in the prison context and would harm SCI Phoenix's administration. *See, e.g.*, *Rush*, 287 F. App'x. at 144 (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)) ("[B]ecause of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution"); *Burgos v. Canino*, 334 F. App'x 457, 459 (3d Cir. 2009) ("[C]ourts 'must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to

---

[11] If both gateway factors are present, then courts must "balance[] all four factors." *Del. State Sportsmen's Ass'n*, 108 F.4th at 202.

[12] Though the Third Circuit most recently described this factor as the "balance of equities" in *Delaware State Sportsmen's Association*, courts have previously described this factor as requiring courts to consider the harm to the non-moving party should a court grant the injunction. *See Del. State Sportsmen's Ass'n*, 108 F.4th at 202; *see, e.g.*, *Hope*, 972 F.3d at 319 (describing factor as "whether an injunction would harm the [defendants] more than denying relief would harm the plaintiff[]").

9

accomplish them'" (quoting *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003))).[13]  Granting Plaintiff's request would interfere with SCI Phoenix's administration by requiring it to move Plaintiff from a two-person cell to a one-person cell.  This is a decision that should be left to the discretion of the institution under the circumstances presented here.

The public has an interest in judicial deference to prison officials.  *See Kendrick*, 2023 WL 6130605, at *7 (noting while considering the public interest that "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment" (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995))).[14]  Therefore, the balance of the equities and the public interest both weigh against granting preliminary injunctive relief.

---

[13] Magistrate Judge Lanzillo summarized the deference afforded to requests for injunctive relief in the prison context as follows:

> [I]n the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'"  Preliminary injunctive relief is "not a tool for prisoners to use to regulate 'in every way, every day, the terms and conditions of [their] confinement simply because they are "in court."'"  Thus, where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief."  The federal courts are not overseers of the day-to-day management of prisons.  Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking."  Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security.

*Young*, 2023 WL 2313637, at *2 (W.D. Pa. Jan. 30, 2023) (quotations and citations omitted).

[14] Though the public also has an interest in judicial enforcement of an inmate's constitutional rights, that interest depends on "the strength of a case on the merits."  *See Kendrick*, 2023 WL 6130605, at *8.  As discussed above, Plaintiff has not shown he has a likelihood of success on the merits for his claims relating to his confinement in a two-person cell.

10

## IV.  CONCLUSION

The extraordinary remedy of preliminary injunctive relief is not appropriate in this case. Such relief is not intended to allay fears or to provide a shortcut to a decision on the merits of a case.  Instead, Plaintiff was required to make a showing of immediate irreparable harm or a likelihood of success on the merits.  Plaintiff did not meet this burden.  Further, the balance of the equities and the public interest also weigh against granting injunctive relief.  Accordingly, Plaintiff's motion for a temporary restraining order and preliminary injunction is denied.

**BY THE COURT:**

*/s/ Mary Kay Costello*
_____
MARY KAY COSTELLO, J.