**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **OBATAIYE K. SCOTT,**<br>*Plaintiff*<br><br>**v.**<br><br>**LT. MR. AGULERI, et al.,**<br>*Defendants* | **Civil No. 24-6077** |

# MEMORANDUM

**Costello, J.** **September 23, 2026**

Pro se Plaintiff Obataiye K. Scott, Jr. sued Defendants Aguiar, Terra, Muick, Smith, Dager, Matthews, Jordan, and Taubenberger under 42 U.S.C. § 1983 for violations of his First, Eighth, and Fourteenth Amendment rights.[1] Scott is an inmate at SCI-Phoenix, and all Defendants except Taubenberger, a Pennsylvania state trooper, are officials at the prison. Pursuant to an investigation into his presence in another inmate's cell, Plaintiff was placed in the Restrictive Housing Unit ("RHU") under administrative custody. Plaintiff alleged that two days after his placement in the RHU, his cellmate's status changed from administrative custody to disciplinary custody which caused Plaintiff's housing to violate the prison's policies. Plaintiff further alleged that on the same day as his cellmate's change in status, the cellmate sexually

[1] Plaintiff's original complaint also included the Department of Corrections and Kristen Feden, but both parties were terminated from the suit prior to Defendants' Answer.

assaulted him. Based on these events, Plaintiff filed a Complaint raising a host of constitutional violations related to his assault.

Defendants moved for summary judgment. Plaintiff conducted no discovery and failed to respond to Defendants' motion. Because Plaintiff has not responded, the Court will consider whether there is a genuine dispute as to any material fact on the record presented. As is discussed in detail below, the Court finds that there is not. Accordingly, summary judgment will be granted in favor of Defendants.

## I. BACKGROUND

### A. Plaintiff's Complaint

Based on his presence in another inmate's cell, Plaintiff Scott was transferred to the RHU under administrative custody on July 29, 2023. Compl. ¶¶ 49, 67 (ECF No. 2). Plaintiff alleged that while on his way to the RHU, he was questioned by Defendant Aguiar regarding his unauthorized presence in the cell of another inmate—the incident that caused his transfer to the RHU—and was pressured to provide information. *Id.* ¶¶ 68-69. Plaintiff did not cooperate and then proceeded to the RHU. *Id.* ¶ 70. Plaintiff was not provided with a form detailing the reasons for his transfer to the RHU within 24 hours, which violated prison policy. *Id.* at 45 & ¶¶ 28, 113.

Upon his arrival at the RHU, he was housed with an inmate who, at the time, was also under administrative custody. *Id.* ¶¶ 52-53. Plaintiff alleged that this inmate was known to be "dangerous" and a "racist." *Id.* at 34 & ¶ 113. Two days later, Plaintiff's cellmate's status changed from administrative custody to disciplinary custody. *Id.* ¶¶ 52-53. Plaintiff alerted Defendant Matthews that there was now a status conflict, which was a violation of prison policy. *Id.* ¶ 119. He alleged Matthews denied his request to be moved and told him to stop talking. *Id.*

¶ 120. Plaintiff alleged that Defendant Smith was aware of the status conflict and failed to act. *Id.* ¶¶ 145-47.

The same day, Plaintiff's cellmate sexually assaulted him. *Id.* ¶¶ 30, 52. Plaintiff alleged that the assault was enabled by Defendant Jordan, a corrections officer, who abandoned her post during the time of the assault. *Id.* ¶¶ 127-29. After the assault, Plaintiff called for emergency assistance and Defendant Dager responded fifteen minutes later. *Id.* ¶¶ 135-37.

Plaintiff was transferred to Abington Hospital and, while there, reported the assault to Defendant Taubenberger, a Pennsylvania state trooper. *Id.* ¶¶ 35-36. Plaintiff alleged that Taubenberger refused to process his sexual assault complaint and instead took the opportunity to investigate whether Plaintiff was responsible for a separate incident. *Id.* at 54-55 & ¶¶ 153, 156.

Upon his return to SCI-Phoenix, Plaintiff filed a grievance regarding Defendants' responsibility for his sexual assault. *Id.* ¶ 43. His grievance was denied by Defendant Muick, and Plaintiff's attempted appeal was denied by Defendant Terra. *Id.* ¶¶ 170, 174-75.

Plaintiff filed this lawsuit on November 8, 2024. He requested the following relief: a declaratory judgment that his sexual assault was caused by the Defendants' misconduct; an injunction ordering permanent z-code, single cell status, a protective order against retaliation in the form of unnecessary searches, transfer, and harassment from prison staff; compensatory damages of $1,000,000; and punitive damages of $1,000,000.

### B. Defendants' Motion for Summary Judgment

Defendants filed a motion for summary judgment on November 24, 2025. *See* Mem. in Supp. Defs.' Mot. for Summ. J. (ECF No. 26). Defendants first argue that the Eleventh Amendment bars Plaintiff's claims. *Id.* at 6. They also contend that Plaintiff's Fourteenth Amendment due process rights were not violated because his transfer to the RHU did not

constitute a protected liberty interest and there is no constitutional right to the prosecution of another. *Id.* at 11-13. Defendant Taubenberger asserts that the investigation into Plaintiff's sexual assault was terminated due to Plaintiff's refusal to talk to him, not because he didn't believe Plaintiff. ECF No. 26-5 at 2. Next, Defendants contend that Plaintiff's Eighth Amendment rights were not violated because failing to move him from his cell immediately after his cellmate's change in custodial status did not constitute deliberate indifference. ECF No. 26 at 14-15. Defendants dispute both that the cellmate's change of status presented a substantial risk of serious harm—given that Plaintiff and his cellmate had cohabitated for two days without incident—and that the cellmate was a "known racist" or "dangerous." *Id.* Defendants also argue Plaintiff cannot recover for post-assault deliberate indifference because Plaintiff was not subjected to additional harm. *Id.* at 16-17. Finally, Defendants contend that Plaintiff's First Amendment retaliation claim fails because he cannot establish that he was moved to the RHU because of his lack of cooperation. *Id.* at 18-19.

## II. LEGAL STANDARD

Summary judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To defeat a motion for summary judgment, there must be a factual dispute that is both material and genuine." *Bennett v. SEPTA*, No. 23-1271, 2024 WL 404959, at *6 (E.D. Pa. Feb. 2, 2024), *aff'd sub nom.*, *Bennett v. Se. Pa. Transp. Auth.*, No. 24-1376, 2025 WL 1248815 (3d Cir. Apr. 30, 2025). A fact is material if it "might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if, "based on the evidence, 'a reasonable jury could return a verdict for the nonmoving party.'" *Bennett*, 2024 WL 404959, at *6 (quoting *Anderson*, 477 U.S. at 248).

The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). "When the movant is the defendant, they have the burden of demonstrating that the plaintiff 'has failed to establish one or more essential elements of her case.'" *Bennett*, 2024 WL 404959, at *6 (quoting *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013)). "In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). "If Plaintiff fails to raise a genuine dispute of material fact as to any element of his prima facie case, summary judgment in favor of Defendant is warranted." *Hanafy v. Hill Int'l, Inc.*, 669 F. Supp. 3d 419, 433 (E.D. Pa. 2023) (citing *Geraci v. Moody-Tottrup, Int'l, Inc.*, 82 F.3d 578, 580 (3d Cir. 1996)).

As stated previously, Plaintiff did not engage in the discovery process and did not respond to Defendants' motion. A plaintiff cannot rely on the allegations in the Complaint to defend against summary judgment. *Viger v. Com. Ins. Co. of Newark*, 707 F.2d 769, 771 (3d Cir. 1983) ("Naked assertions in the pleadings are insufficient to withstand summary judgment."). Nonetheless, Plaintiff's failure to respond "does not relieve the District Court of its responsibility under Rule 56(e)(3)." *Goodson v. City of Philadelphia*, No. 24-1438, 2025 WL 2437831, at *2 (3d Cir. Aug. 25, 2025). Under Rule 56(e), if a party fails to properly support a fact or fails to address another party's assertion of fact, the Court may, among other things, "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed, R. Civ. P. 56(e)(2), (3). Thus, where, as here, the movant does not have the burden of proof, the "court must determine that the deficiencies in the opponent's evidence

designated in or in connection with the motion entitle the moving party to judgment as a matter of law." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990).

## III. DISCUSSION

### A. Eleventh Amendment

As an initial matter, Defendants contend that the Eleventh Amendment bars Plaintiff's claims against them in their official capacities. ECF No. 26 at 6-7. This is mostly true. The Eleventh Amendment bars Plaintiff's requests for money damages and a declaratory judgment.

The Eleventh Amendment bars suits in federal court by private parties against states, state agencies, and state officials in their official capacities, absent consent by the state. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–70 (1997); 42 Pa. Cons. Stat. § 8521(b). Thus, individuals are barred from suing States for monetary relief based on violations of federal law. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996). Plaintiff's claims fall under 42 U.S.C. § 1983. Congress did not abrogate states' sovereign immunity when it enacted that statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66–67 (1989). Accordingly, Plaintiff will not be able to recover his requested compensatory and punitive damages in this suit.

With respect to his request for a declaration that his sexual assault was caused by the Defendants' misconduct, the Eleventh Amendment does not permit declaratory judgments against state officers declaring that they violated federal law in the past. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Such relief may only be granted prospectively. *See Hunter v. Penn. Dep't of Corr.*, No. 24-3182, 2025 WL 1218252, at *2 (3d Cir. Apr. 28, 2025).

### B. Section 1983

Plaintiff claims that his First, Eighth, and Fourteenth Amendment rights were violated. ECF No. 2 ¶¶ 111-81. "To establish a claim under § 1983, a plaintiff 'must establish that she was deprived of a federal constitutional or statutory right by a state actor.'" *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). Plaintiff has failed to do so.

#### 1. First Amendment

Plaintiff alleged that Defendants violated the First Amendment because Defendant Aguiar transferred him to the RHU in retaliation for his refusal to confess or implicate another inmate in the investigation into Plaintiff's prison misconduct. To prevail on a First Amendment retaliation claim under 42 U.S.C. § 1983, Plaintiff must prove that "(1) he engaged in 'constitutionally protected conduct,' (2) the defendant engaged in 'retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights,' and (3) 'a causal link [existed] between the constitutionally protected conduct and the retaliatory action.'" *Palardy v. Twp. Of Millburn*, 906 F.3d 76, 80–81 (3d Cir. 2018) (quoting *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006)).

There is insufficient evidence in the record to support this claim because Plaintiff has failed to establish any retaliatory action. Plaintiff alleged that he was on his way to the RHU when he was questioned by Defendant Aguiar about his unauthorized presence in the cell of another inmate. ECF No. 2 at 46 & ¶ 68. According to Plaintiff, after he was questioned, he continued to the RHU. *Id.* ¶ 70. Plaintiff has not produced any evidence that he was moved to the RHU because of his refusal to cooperate in the investigation rather than for his unauthorized presence in the other inmate's cell. *Id.* ¶ 112. Therefore, Plaintiff has failed to establish the essential elements of a First Amendment violation.

### 2. Eighth Amendment

Plaintiff next alleged that Defendants Aguiar, Matthews, and Smith violated his Eighth Amendment rights because they were deliberately indifferent to the risk of housing him with his "dangerous" cellmate of different custodial status. He also alleged that Defendant Jordan was deliberately indifferent to the risk of leaving him alone with his cellmate unsupervised. Further, he alleged Defendant Dager was deliberately indifferent to the risk of not responding immediately to his request for aid, and Defendants Muick and Terra were deliberately indifferent to the risk of not granting him the relief requested in his grievance.

"To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 267 (3d Cir. 2012), *abrogated on other grounds as recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024).

Defendants challenge the first element, regarding Defendants Aguiar, Matthews, and Smith. They dispute that housing Plaintiff with a different status inmate—in violation of prison policy—posed a substantial risk of serious harm. ECF No. 26 at 14-15. On the record presented, the Court agrees. As an initial matter, a mere violation of prison policy cannot support a claim for deliberate indifference. *Bracey v. Pa. Dep't of Corr.*, 571 F. App'x 75, 79 (3d Cir. 2014). *See Molina v. Gordon*, No. 25-0077, 2025 WL 540014, at *6 (E.D. Pa. Feb. 18, 2025) (holding that placement of disciplinary and administrative custody inmates together in the same cell is not alone a predicate for a deliberate indifference claim). In addition, Plaintiff presented no evidence supporting his allegations that his cellmate was a "known racist" and "dangerous." ECF No. 2 at

15. Thus, there is no evidence supporting Plaintiff's Eighth Amendment claims against Defendants Aguiar, Matthews, and Smith. Accordingly, there is no genuine dispute as to any material fact on these claims.

Defendant's also challenge Plaintiff's allegation that Defendant Jordan, "abandoned her post," leaving him unprotected from his cellmate's assault. *Id.* ¶ 127. Even assuming Defendant Jordan abandoned her post, Plaintiff has proffered no evidence that Defendant Jordan's purported conduct was deliberate or intentional. A showing of negligence alone is insufficient to support a claim of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). As a result, Plaintiff's claim against Defendant Jordan fails.[2]

Plaintiff's claims against Defendants Dager, Muick, and Terra also fail. Plaintiff did not allege or establish that the fifteen-minute delay in Defendant Dager's response subjected Plaintiff to a substantial risk of serious harm or that any additional harm was caused by this delay. Similarly, Plaintiff has not established a substantial risk of serious harm or any additional harm caused by Defendants Muick and Terra's denial of his grievance and its appeal. Thus, these claims fail.

**3. Fourteenth Amendment**

**a. Defendant Aguiar**

Plaintiff alleged that Defendant Aguiar violated his due process rights when he failed to provide him with written notice of his reasons for placement in administrative custody within 24

---

[2] Plaintiff also alleges that he reported to unspecified correctional officers that his cellmate was "exposing himself in sexual ways" an hour before the incident, yet nothing was done. ECF No. 2 ¶¶ 18-20. While officers' failure to respond to an inmate's report of fear may be negligent, there is no evidence giving rise to any "state of mind more blameworthy." *See Davidson v. Cannon*, 474 U.S. 344, 345 (1986).

hours. ECF No. 2 ¶ 28. "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006).

Plaintiff has not satisfied the first element, as transfer from the general population to the RHU for a handful of days did not give rise to a due process right. For inmates, the requisite deprivation of liberty must "impose[] atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (internal citations omitted). This is based on the amount of time the prisoner was placed in disciplinary segregation and whether the conditions were "significantly more restrictive." *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000).

Plaintiff was held at the RHU from July 29 to August 8 without written notice of the reasons.[3] ECF No. 2 at 46. Plaintiff neither pleaded nor provided any evidence that his time in the RHU imposed a significant hardship on him compared to the conditions enjoyed by the general population. *See also Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (finding that seven months disciplinary confinement does not alone violate a protected liberty interest). Consequently, his claim against Defendant Aguiar fails.

**b. Defendant Taubenberger**

Plaintiff alleged that Defendant Taubenberger violated his Fourteenth Amendment rights because he refused to file charges against Plaintiff's attacker and instead threatened to file

---

[3] After Plaintiff's assault on July 31, he was placed in a Psychiatric Observation Cell until August 10. ECF No. 2 ¶ 43. The notice regarding the reason for his initial placement at the RHU was provided on August 8. *Id.* at 46.

charges against Plaintiff if he did not drop his complaint. ECF No. 2 ¶¶ 83-85, 93. In contrast, Taubenberger attested in his declaration that "the investigation was terminated because Scott refused to cooperate." ECF No. 26-5 at 2. Plaintiff presented no evidence to the contrary. Accordingly, there is no genuine dispute as to any material fact with respect to this claim.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment is granted. An appropriate order follows.

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge